IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEFFERY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:14-00598 |
| | ) | Judge Campbell |
| HEALTHSOUTH CORPORATION, | ) | Magistrate Judge Knowles |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: Pursuant to 28 U.S.C. § 1331, the court has jurisdiction over Plaintiff's claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, as amended, and Title VII, 42 U.S.C. §2000e *et seq.*, as amended by §102 of the Civil Rights Act of 1991. The court has supplemental jurisdiction over Plaintiff's state law claims. Jurisdiction is not disputed.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF:

Plaintiff was a disable male employee of the Defendant, hired in March 2001 and worked at the Vanderbilt Stallworth Rehabilitation Hospital as a Rehabilitation Nurse Tech II. Plaintiff is a qualified individual with a disability or, in the alternative a perceived disability, within the meaning of Section 101(8) of the ADA, 42 U.S.C. Section 12111(8).

In or around September 2012, Plaintiff's supervisor suggested to Plaintiff to seek help with weight loss and chose a weight management clinic for Plaintiff to attend. Plaintiff's colleagues gave him a card and a monetary gift to help him lose weight. Plaintiff did not seek

1

help to lose weight and this incident embarrassed and humiliated him.  Plaintiff began the weight loss clinic and paid for the sessions out of his own pocket.  Plaintiff's supervisor asked Plaintiff to documentation of the weight loss for Plaintiff's personnel file.  No other employees were required to provide any documentation for weight loss.

Plaintiff's superiors would tease and bully him in regards to his weight and required Plaintiff to care for 15-17 patients without assistance from a Registered Nurse like other co-workers.  Unlike other co-workers, Plaintiff had to buy his own uniform for work due to his size.  After his purchase, a co-worker complained to Human Resources about the incident and Defendant reimbursed Plaintiff his cost of the uniforms.  Plaintiff also requested an accommodation of light duty and assistance in the more strenuous aspects of his employment for the debilitating medical condition of his knees.  Plaintiff's request was denied.  Plaintiff obtained arthritis of the knee due to the amount of walking and lifting of patients.  Plaintiff advised his supervisor of the arthritis and pain with walking so much, Plaintiff was required to handle patients across the hospital and different floors.

Since Plaintiff is a male, Plaintiff was assigned to more "difficult" patients with spine disorders and overweight patients.  Male employees are also told to stay at work even if they don't feel well or a family member becomes ill.  Female employees are allowed to leave when a family member is sick or they are sick.  Plaintiff's female supervisor called Plaintiff on his way into work to have him sit on the side of the road to figure out if she wanted him to work that day or not.  Females are not called at the last minute and have their scheduled changed.  Plaintiff's Manager accused Plaintiff of sexually harassing a patient and Plaintiff was suspended for a week.  Plaintiff denied the allegations and advised he could not accept the suspension and

wanted to give his two (2) week resignation. Plaintiff supervisor denied his request and Plaintiff quit due to the hostile work environment.

2) DEFENDANT:

Defendant is not a proper party to this action as it never employed Plaintiff. Instead, the proper defendant in this action is Vanderbilt Stallworth Rehabilitation Hospital, L.P. ("Vanderbilt Stallworth"), Plaintiff's employer at all relevant times. Vanderbilt Stallworth did not discriminate against Plaintiff in any respect, based upon his gender, his alleged disability, or any other characteristic. When Vanderbilt Stallworth advised Plaintiff in November 2013 that a patient had complained about certain statements of a sexual nature made by Plaintiff, and further advised Plaintiff that he would be suspended pending completion of an investigation, Plaintiff voluntarily resigned.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITITAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before May 23, 2014.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before January 23, 2015. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. The deadline for filing discovery-related Motions is February 1, 2015.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend the Pleadings on or before September 26, 2014.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before October 23, 2014. The defendant shall identify and disclose all expert witnesses and reports on or before November 21, 2014.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before January 23, 2015.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before December 5, 2014.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before March 23, 2015. Responses to dispositive motions shall be filed within thirty (30) days after filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response.

L. ELECTRONIC DISCOVERY: The parties have reached agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3 days.

The Target (Jury) Trial date is August 25, 2015.

It is so **ORDERED.**

_____
E. CLIFTON KNOWLES
United States Magistrate Judge